DOES 63 O.S. 2501 (1993), ET SEQ., REQUIRE THE LICENSURE OF ORGANIZATIONS WHICH OFFER QUALIFIED PREPAID HEALTH PLANS TO THE PUBLIC OR THE LICENSURE OF THE PLAN OFFERED?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY A REVIEW OF APPLICABLE LAW, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED IN AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
THE QUESTION YOU RAISED DEALS SPECIFICALLY WITH LICENSURE QUESTIONS RELATED TO PREPAID HEALTH PLANS TO BE OFFERED BY THE STATE TO ITS EMPLOYEES UNDER THE FLEXIBLE BENEFITS PACKAGE ADMINISTERED BY THE EMPLOYEES BENEFITS COUNCIL. A "PREPAID HEALTH PLAN" IS DEFINED IN 63 O.S. 2503 (1993), AS:
 "(A)NY ORGANIZATION, SUBJECT TO THE PROVISIONS OF SECTION 2501 ET SEQ. OF THIS TITLE, ORGANIZED PURSUANT TO THE LAWS OF THIS STATE, OR THE LAWS OF ANOTHER STATE OR THE DISTRICT OF COLUMBIA, WHICH PROVIDES, EITHER DIRECTLY, OR THROUGH ARRANGEMENTS WITH OTHERS, OR THROUGH REIMBURSEMENT OF CLAIMS, COMPREHENSIVE HEALTH SERVICES TO MEMBERS ENROLLED WITH THE PLAN ON A FIXED PREPAYMENT BASIS."
(EMPHASIS ADDED.)
A PREPAID HEALTH PLAN MAY OPERATE AFTER IT HAS BEEN LICENSED BY THE OKLAHOMA DEPARTMENT OF HEALTH PURSUANT TO 63 O.S. 2501 (1993) ET SEQ. THIS REQUIREMENT IS WAIVED IF A PREPAID HEALTH PLAN HAS BEEN LICENSED AS AN INSURER BY THE INSURANCE COMMISSIONER. 63 O.S. 2504(B) (1993). YOU HAVE RAISED CONCERN OVER WHETHER IT IS THE PLAN OR THE COMPANY WHICH OFFERS A PLAN WHICH MUST BE LICENSED.
THE PRIMARY RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND GIVE EFFECT TO THE EXPRESSED LEGISLATIVE INTENT OF A STATUTE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECT. TXO PRODUCTION CORP. V. OKLAHOMA CORPORATION COMMISSION, 829 P.2D 964 (OKLA.1992). WORDS IN A STATUTE MUST BE UNDERSTOOD IN THEIR ORDINARY SENSE, EXCEPT WHEN A CONTRARY INTENTION PLAINLY APPEARS OR WHEN OTHERWISE DEFINED BY THE LEGISLATURE. MIDWEST CITY V. HARRIS, 561 P.2D 1357 (OKLA.1977).
"PREPAID HEALTH PLAN" HAS BEEN DEFINED BY THE LEGISLATURE. IN THIS CASE, IT IS DEFINED AS A CERTAIN TYPE OF ORGANIZATION. IF WE LOOK TO THE FIRST PARAGRAPH OF 2503, WE NOTE THAT "HEALTH MAINTENANCE ORGANIZATION" ("HMO") IS DEFINED QUITE SIMILARLY TO "PREPAID HEALTH PLAN." SIMILARLY, HMO'S, BUT NOT THE PLANS THEMSELVES, MUST BE LICENSED EITHER BY THE DEPARTMENT OF HEALTH OR THE INSURANCE COMMISSION. THE EVIDENT INTENT OF THE WHOLE OF 63 O.S. 2503 AND 63 O.S. 2504 IS TO REQUIRE AN ORGANIZATION WHICH OFFERS A PREPAID HEALTH PLAN, NOT THE PLAN ITSELF, TO BE LICENSED EITHER BY THE DEPARTMENT OF HEALTH OR THE INSURANCE COMMISSION. WHILE THE DEFINITION IS OF A "PREPAID HEALTH" THE ENTIRE DEFINITION REFERS TO THE ORGANIZATION, NOT THE PLAN ITSELF.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED, THAT 63 O.S. 2501, ET SEQ., REQUIRES THE LICENSURE OF ORGANIZATIONS WHICH OFFER QUALIFIED PREPAID HEALTH PLANS. THIS SECTION DOES NOT REQUIRE INDIVIDUAL PLANS TO BE SO LICENSED.
(JAMES ROBERT JOHNSON)